UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHERINE DIAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1975-B |
| | § | |
| QUANTEM AVIATION SERVICES, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Katherine Diaz's Revised Motion for Leave to Amend Pleadings (Doc. 11) and Motion to Remand (Doc. 10). For the reasons discussed below, the Court **GRANTS** the Motion for Leave to Amend Pleadings (Doc. 11) and **GRANTS in part** and **DENIES in part** the Motion to Remand (Doc. 10). The Court **REMANDS** this case to the 160th Judicial District Court of Dallas County, Texas.

### I.

### BACKGROUND

This case arises out of a car accident. Diaz filed this lawsuit against Defendant Quantem Aviation Services, LLC ("Quantem") in state court on July 13, 2023. Doc. 1-5, Original Pet. Quantem removed this case to federal court on September 1, 2023, seeking to invoke the Court's diversity jurisdiction. Doc. 1, Notice Removal, ¶ 8. In its Notice of Removal, Quantem asserted that Diaz is a citizen of Texas and that Quantem is a citizen of Canada because all its members are citizens of Canada. *Id.* ¶¶ 9, 12.

Diaz alleges that, on August 5, 2022, she was in a car accident caused by one of Quantem's employees. Doc. 1-5, Original Pet., ¶ 8. Diaz did not learn the identity of the Quantem employee who was driving the vehicle that allegedly caused the accident until October 23, 2023. Doc. 12, Resp., ¶ 14. Diaz timely filed her initial Motion for Leave to Amend Pleadings on December 20, 2023. Doc. 9, Mot. She seeks to join Anthony Buckley, the Quantem employee who was driving the vehicle that she alleges caused her injuries, as a defendant to this lawsuit. Doc. 11, Revised Mot., 1.[1] Diaz argues the Court lacks subject-matter jurisdiction over her Amended Complaint because both she and Buckley are citizens of Texas for purposes of diversity jurisdiction. Doc. 10, Mot., 4. Thus, she moves to remand this case to state court, and she seeks the attorneys' fees she incurred from filing these Motions. The Court considers the Motions below.

## II.

## LEGAL STANDARD

A defendant may remove a case from state to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(a); *see* 28 U.S.C. § 1332(a). Federal district courts possess diversity jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and there is complete diversity among the parties. *Id.* § 1332(a). Complete diversity is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotations omitted).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the

---

[1] The only difference between the Revised Motion for Leave to Amend Pleadings and the initial Motion is that Diaz attached her proposed Amended Complaint to the Revised Motion. *Compare* Doc. 9, Mot. *with* Doc. 11, Revised Mot.

action to the State court." 28 U.S.C. § 1447(e). Further, when presented with a proposed amendment to add a non-diverse party that would destroy federal subject-matter jurisdiction in a removed case, a district court must scrutinize such amendment "more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). "[T]he district court . . . should use its discretion in deciding whether to allow that party to be added." *Id.* (citations omitted). Courts in the Fifth Circuit apply the following factors in determining whether to permit joinder of parties that would defeat complete diversity in removal cases: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id.* "The first *Hensgens* factor has been described as the most important factor of the four." *Ybarra v. Walmart Inc.*, No. SA-23-CV-00932-XR, 2023 WL 7783142, at *2 (W.D. Tex. Nov. 13, 2023) (citations omitted).

### III.

### ANALYSIS

The Court finds that the *Hensgens* factors weigh in favor of granting Diaz leave to amend her Complaint to add Buckley as a defendant to this lawsuit. Because the Court lacks jurisdiction over Diaz's Amended Complaint, the Court remands this case to state court. However, the Court denies Diaz's request for attorneys' fees because Quantem had an objectively reasonable basis to remove this case to federal court.

A.   *The Court Lacks Subject-Matter Jurisdiction over Diaz's Amended Complaint.*

The first issue is whether the Court possesses subject-matter jurisdiction over Diaz's Amended Complaint. The Court lacks diversity jurisdiction over Diaz's Amended Complaint

because adding Buckley to this lawsuit destroys complete diversity. As discussed above, diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin*, 376 F.3d at 353 (quotations omitted). "For individuals, citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotations omitted). Here, Diaz resides in Texas and is therefore domiciled in the state. Doc. 11, Ex. A, ¶ 3; *see MidCap Media Fin.*, 929 F.3d at 313. Buckley is likewise domiciled in Texas because he resides in the state. Doc. 11, Ex. A, ¶ 5. Therefore, Diaz and Buckley are both citizens of Texas. *See MidCap Media Fin.*, 929 F.3d at 313.

Because Buckley and Diaz are both citizens of Texas for the purposes of diversity jurisdiction, the Court does not possess subject-matter jurisdiction over the Amended Complaint.

B.     *The Hensgens Factors Support Granting Diaz Leave to Amend.*

Without subject-matter jurisdiction over Diaz's Amended Complaint, the Court must apply the *Hensgens* factors to determine whether to grant Diaz leave to amend. First, the primary purpose of Diaz adding Buckley as a defendant is not to defeat federal jurisdiction. When a plaintiff states a viable claim against a non-diverse defendant, courts generally find that "the principal purpose of the amendment was not to defeat federal jurisdiction." *See McNeel v. Kemper Cas. Ins.*, 2004 WL 1635757, at *2 (N.D. Tex. July 21, 2004) (Fish, C.J.) (citations omitted). Here, Diaz likely stated a viable negligence claim against Buckley, as she alleges that Buckley was the person driving the truck that ultimately caused her injuries. Doc. 11, Ex. A, ¶ 9. Specifically, Diaz alleges: (1) Buckley had a duty "to operate his vehicle in a reasonable and prudent manner;" (2) specific reasons he breached his duty, such as his "fail[ure] to timely apply his brakes;" and (3) that his breach "caused [Diaz's]

injuries." *Id.* ¶ 11; *see Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (citation omitted) ("To establish negligence, a party must establish [1] a duty, [2] a breach of that duty, and [3] damages proximately caused by the breach.").

Additionally, when assessing the first *Hensgens* factor, courts also consider "whether the plaintiff knew or should have known the identity of the nondiverse defendant when the state court complaint was filed." *Andrews Restoration, Inc. v. Nat'l Freight, Inc.*, No. 3:15-CV-1336-M, 2015 WL 4629681, at *4 (N.D. Tex. Aug. 4, 2015) (Lynn, J.). Here, Diaz did not know Buckley's identity as she requested that "Quantem . . . disclose the name and contact information of its employee who was operating the following vehicle" in her original state court petition. Doc. 1-5, Original Pet., ¶ 8.

Quantem does not address any of the considerations the Court discussed above—instead, it simply asserts that the purpose of Diaz's amendment is to destroy diversity. Doc. 12, Resp., ¶ 13. The only evidence Quantem offers to support this assertion is an email sent by Diaz's counsel, stating "[o]ur office intends on adding Mr. Buckley. Given our office's intention and the likely effect it may have on diversity in this matter, is your office willing to agree to remand this case?" Doc. 11, Ex. B, 3. Quantem argues this email "unequivocally demonstrates that Plaintiff intended to join Mr. Buckley to avoid federal court jurisdiction." Doc. 12, Resp., ¶ 13. The Court disagrees with Quantem's interpretation of this email. Diaz's counsel simply stated that adding Buckley to this lawsuit would "likely" affect complete diversity and inquired whether Quantem opposed the Motion to Remand, as required by the Local Rules. *See* N.D. TEX. CIV. R. 7.1(a). Accordingly, the first, and most important, factor strongly weighs in favor of granting leave to amend.

Second, Diaz was not dilatory in seeking the Court's leave to join Buckley because she sought leave to amend before the deadline to amend pleadings had passed. "Generally a plaintiff is not

dilatory in seeking to amend a complaint when no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred." *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 720 (W.D. Tex. 2014) (citation omitted). While Diaz moved for leave after the Court scheduled the trial and pre-trial deadlines, she did not learn Buckley's identity until after the Court entered its Scheduling Order. *Compare* Doc. 12, Resp., ¶ 14 *with* Doc. 6, Scheduling Order. And although Diaz waited two months after learning his identity before moving for leave to amend her Complaint, she moved for leave before the Scheduling Order's deadline to join parties and amend pleadings. *See* Doc. 6, Scheduling Order, 1; *see Ybarra*, 2023 WL 7783142, at *4 (finding that an amendment was not dilatory when the deadline for the parties to amend their pleadings had not passed). The Court ultimately concludes that Diaz was not dilatory in seeking leave to amend her pleadings, and therefore, the second factor narrowly weighs in favor of granting leave to amend.

Third, Diaz would not suffer a significant injury if the Court denied her leave to amend. "Courts have denied joinder under *Hensgens* where the employer would be liable for all of the purported negligence of its employees." *McNeel*, 2004 WL 1635757, at *4 (citations omitted). Here, if the Court denied her leave to amend, Diaz would still have her negligence claim against Quantem, who was Buckley's employer at the time of the alleged car accident. *See* Doc. 1-5, Original Pet., ¶¶ 10–11. Therefore, it appears that Diaz can fully recover her damages from Quantem under a theory of respondeat superior. *See Ineos USA, LLC v. Elmgren*, 505 S.W.3d 555, 565 (Tex. 2016); *see McNeel*, 2004 WL 1635757, at *4. Thus, this factor weighs against granting leave to amend.

Fourth, there are no other factors that support granting or denying leave to amend. Quantem argues that the Court should deny Diaz leave to amend because her proposed Amended Complaint "is confusing and puzzling." Doc. 12, Resp., ¶ 17. Specifically, Quantem contends that the Amended

Complaint is confusing because it discusses the Texas Rules of Civil Procedure and because it is unclear whether Diaz is still asserting claims against Quantem. *Id.* ¶¶ 17–18. Quantem cites no authority supporting its argument that a supposedly confusing complaint weighs against granting leave to amend under *Hensgens*. Regardless, the Court does not find Diaz's Amended Complaint confusing. The Amended Complaint presumably discusses the Texas Rules of Civil Procedure because, upon granting Diaz leave to amend, the Court no longer possesses jurisdiction over the case. Additionally, Quantem is still named as a party and is referenced numerous times in the Amended Complaint, so it seems unlikely that Diaz is abandoning her claims against Quantem. Doc. 11, Ex. A, ¶¶ 4, 9, 14. Therefore, the fourth *Hensgens* factor is neutral.

Because Diaz asserts a viable negligence claim against Buckley and she did not know Buckley's identity when she filed the original state court petition, the most important factor weighs in favor of granting her leave to amend. *See Ybarra*, 2023 WL 7783142, at *2 (W.D. Tex. Nov. 13, 2023). Additionally, Diaz was not dilatory in seeking to join Buckley to this lawsuit. Therefore, the Court finds that the *Hensgens* factors weigh in favor of granting Diaz leave to amend her pleadings, even though it is unlikely that she would suffer a significant injury should the Court deny the Motion.

C.     *Diaz is Not Entitled to Recover Attorneys' Fees.*

The Court denies Diaz's request for attorneys' fees because Quantem had an objectively reasonable basis for removing this case to federal court. When a court grants a motion to remand, the plaintiff is only entitled to attorneys' fees if the removing party did not have "objectively reasonable grounds to believe removal was proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Here, complete diversity existed at the time of removal because Quantem, a citizen

of a foreign country, was originally the only defendant. Doc. 1, Notice Removal, ¶¶ 12, 14; *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a [limited liability company] is determined by the citizenship of all of its members."). As discussed above, Diaz is a citizen of Texas. Doc. 11, Ex. A, ¶ 3. Thus, Diaz is not entitled to attorneys' fees as Quantem had an objectively reasonable basis to believe this case fell within the Court's diversity jurisdiction at the time of removal. 28 U.S.C. § 1332(a)(2); *see Valdes*, 199 F.3d at 293 (5th Cir. 2000).

## IV.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Diaz's Revised Motion for Leave to Amend Pleadings (Doc. 11) and **GRANTS in part** and **DENIES in part** Diaz's Motion to Remand (Doc. 10). Specifically, the Court **GRANTS** her leave to add Anthony Buckley as a defendant and **REMANDS** this case to the 160th Judicial District Court of Dallas County, Texas, but **DENIES** Diaz's request for attorney's fees.

SO ORDERED.

SIGNED: April 11, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE